YVONNE M. PIERROU, SBN 166237
MARION'S INN LLP
1611 Telegraph Avenue, Suite 707
Oakland, California 94612-2145
Telephone:  (510) 451-6770
Facsimile:  (510) 451-1711
E-mail: ymp@marionsinn.com

Attorneys for defendant
Kaiser Foundation Health Plan, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| NICASIO SANDOVAL, <br><br> Plaintiff, <br><br> v. <br><br> KAISER FOUNDATION HEALTH PLAN, INC. <br><br> Defendant. | Case no. 1:14-cv-01466-GEB-BAM <br><br> DEFENDANT KAISER FOUNDATION HEALTH PLAN, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT, OR ALTERNATIVELY FOR A MORE DEFINITE STATEMENT <br><br> DATE: February 2, 2015 <br> TIME: 9:00 a.m. <br> JUDGE: Hon. Garland E. Burrell, Jr. <br> CTRM.: 10 (13th Floor) |

Plaintiff Nicasio Sandoval recites the elements of claims for violation of the Telephone Consumer Protection Act ("TCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and conclusorily states that Kaiser violated those statutes, but he fails to allege sufficient facts to support those claims.  In response to Kaiser Foundation Health Plan, Inc.'s motion to dismiss Sandoval's initial complaint, Sandoval filed a first amended complaint, which corrected his conflicting venue allegations and mis-identification of Kaiser as a servicer of consumer home loans.  But his first amended complaint still fails to allege sufficient facts to provide Kaiser with fair notice of his claims.

Sandoval alleges only that Kaiser or its agents made calls "regarding an alleged outstanding debt" to his cellular telephone either by "an automatic telephone dialing system" or an "artificial or pre-recorded voice," that he incurred a charge for the calls to his cellular telephone, that the calls were not for an emergency purpose and were without his prior express

Reply re: Kaiser's Motion to Dismiss the FAC
or Alternatively to Order a More Definite Stmt.
Case no. 1:14-cv-01466–GEB-BAM

consent.[1]  (Doc. 14 at 3:27-4:18.)  He claims in his late filed opposition[2] that he felt so harassed by these calls that he retained counsel to make Kaiser stop calling him (Doc. 18 at 2:11-2), but he fails to say who called him (Kaiser or one of its agents), the purpose or nature of the calls or provide sufficient information for Kaiser to ascertain whether or not it did call him and to stop those calls.  For example, if Sandoval alleged that Kaiser called him with appointment reminders or alleged that he was a Kaiser member but had failed to pay co-payments, that would give Kaiser a clue as to where to look for the source of the alleged calls.  But Sandoval has not provided any such information.  If Kaiser actually made improper calls to Sandoval, Sandoval should allege facts that would support this.  He has not.  As such, his first amended complaint should be dismissed.  At a minimum, he should be required to amend his complaint to provide a more definite statement regarding his allegations.

A.  <u>Dismissal Is Appropriate Where The Plaintiff Fails To Allege Sufficient Facts To Give Fair Notice And State A Plausible Claim For Relief</u>

Rather than explain how his vague, barebones allegations meet the pleading requirements, Sandoval instead recites general principles to the effect that motions to dismiss are rarely granted.[3]  Dismissal is proper where the complaint fails to allege sufficient facts to give the defendant fair notice of the claim and "state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To provide "fair notice" of the claim

---

[1] Sandoval does not explain how Kaiser came to have his cellular telephone number.  Although the complaint is vague, he appears to suggest that he was targeted as a debtor, not that these were random calls to sequential telephone numbers.

[2] Sandoval's opposition was due 14 days before the hearing.  L.R. 230(c).  Because the 14th day fell on January 19, a court holiday, Sandoval was required to file his opposition on the "next day" which is determined by counting backward when the period is "measured before an event."  Fed. R. Civ. P. 6(a).  In other words, it was due Friday, January 16, but he filed it Monday January 19.

[3] The case he cites, *McDougal v. County of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991) makes that observation in a footnote and relies on the "no set of facts" test of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which has been abrogated/overruled by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009).

Reply re: Kaiser's Motion to Dismiss the FAC
or Alternatively to Order a More Definite Stmt.
Case no. 1:14-cv-01466–GEB-BAM                    2

and meet the requirements of Fed. R. Civ. P. 8, "the complaint must do more than name laws that may have been violated by the defendant . . . ." *Anderson v. U.S. Dept. Of Housing & Urban Develop.*, 554 F.3d 525, 528 (5th Cir. 2008). Rule 8 requires "more than an unadorned, the-defendant–unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "formulaic recitation of the elements of a cause of action will not do...." *Twombly*, 550 U.S. at 555 (citation omitted). Thus, a plaintiff failed to state a claim where he alleged that the defendant lied in a letter without saying what the lies were. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

The complaint must plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). While the "plausibility standard is not akin to a 'probability requirement,'" "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id. citing Twombly*. Pleading facts that are "merely consistent with" the defendant's liability is insufficient. *Id*. And while factual allegations must be accepted as true, legal conclusions disguised as factual allegations need not be. *Id*.

Sandoval asserts that Kaiser should have to wait until discovery (Doc. 18 at 10:12-13) to learn what the calls were purportedly about. However, the plausibility requirement is designed "to prevent settlement extortion–-using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit." *Pension Benefit Guar. Corp. Ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Investment Mgmt. Inc.*, 712 F.3d 705, 719 (2nd Cir. 2013)(quotation omitted). A plaintiff must demonstrate that his claim is plausible before forcing the defendant to engage in expensive discovery. *Twombly*, 550 U.S. at 558.

In the alternative, the Court should order a more definite statement pursuant to Fed. R. Civ. P. 12(e). As explained in Kaiser's opening memorandum (Doc. 15-1 at 5:4-20), the first amended complaint fails to provide sufficient information for Kaiser to prepare a response and remains confusing and contradictory.

Reply re: Kaiser's Motion to Dismiss the FAC
or Alternatively to Order a More Definite Stmt.
Case no. 1:14-cv-01466–GEB-BAM                3

B.  Sandoval Fails To Allege Sufficient Facts In Support Of A TCPA Claim

Sandoval simply parrots the language of the statute to allege that Kaiser has violated the TCPA by calling him. But the TCPA does not prohibit all calls. Thus, the nature of the calls is important. For example, the regulations create exceptions from the prior express written consent requirement for calls "made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a 'health care' message...." 47 C.F.R. § 64.1200(a)(2).

Kaiser is in the business of providing health care coverage for its members. Thus, it can make appointment reminder calls to patients, advise them that their prescriptions are ready for pickup, that flu shots are advisable and available, and so on without running afoul of the TCPA. We simply don't know why the alleged calls were made or for what purpose. Sandoval, as the alleged recipient of these calls, does know. This is not a situation where he requires discovery to learn about the calls. He supposedly received them. What were they about? Was this possibly a wrong number? He claims that he is a "debtor" (Doc. 14 at 3:16) and that Kaiser attempted to collect a consumer debt from him (*id*. at 3:23). But he later refers to the debt as "an *alleged* outstanding debt." (*Id*. at 3:27 [emphasis added].) Does he owe money to Kaiser? He does not allege that he was a Kaiser member or that Kaiser called him regarding outstanding dues payments or co-payments. Nor does he allege that he sought services at a Kaiser emergency room as a non-member, that he failed to pay for those services, and that Kaiser called him to arrange for payment. He does not even allege that the calls were directed to him, although he states in his opposition that he "is not claiming that Defendant wrongfully contacted her (sic), seeking another consumer or debtor." (Doc. 18 at 13:-23-25.)

Sandoval has failed to meet the pleading requirements as outlined by the Supreme Court in *Twombly* and *Iqbal*. His complaint should be dismissed. Alternatively, he should be ordered to provide a more definite statement of his claims.

C.  Sandoval Fails To Allege Sufficient Facts In Support Of A Rosenthal Act Claim

The Rosenthal Act and its federal counterpart, the Federal Debt Collection Practices Act ("FDCPA"), do not bar calls to debtors. Rather, the Rosenthal Act prohibits debt collectors from "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be

Reply re: Kaiser's Motion to Dismiss the FAC
or Alternatively to Order a More Definite Stmt.
Case no. 1:14-cv-01466–GEB-BAM                4

unreasonable and constitute an harassment to the debtor under the circumstances." Cal. Civ. Code § 1788.11(e).  And the FDCPA forbids a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Sandoval alleges violation of both of these provisions.  (Doc. 14 at 6:9-15.)

Telephone calls for the purpose of collecting a debt are permissible.  Repeated or continuous calls made with the intent to harass, as opposed to arrange for payment of the debt, or calls of such frequency as to be unreasonable and harassing are not permissible.  As explained in Kaiser's opening memorandum (Doc. 15-1 at 3:13-5:2), Sandoval has failed to allege sufficient facts to support a claim for harassment.  A handful of telephone calls does not constitute harassment under these statutes.  *See, Arteaga v. Asset Acceptance, LLC*, 733 F.Supp.2d 1218, 1227-29 (E.D. Cal. 2010)(summarizing caselaw finding harassment or no harassment in particular circumstances and finding that even allegations of daily or near daily calls do not constitute harassment).

A district court in New York found that 27 calls over a three month period did not constitute harassment.  *Conover v. BYL Collections Servs., LLC*, 2012 U.S. Dist. Lexis 135536 at *16-17 (W.D.N.Y. 2012).  And, a district court in Florida concluded that 57 calls to the plaintiff including 7 calls in one day did not constitute harassment.  *Tucker v. The CBE Group, Inc.*, 710 F.Supp.2d 1301 (M.D. Fla. 2010).  Sandoval dismisses *Tucker* as distinguishable because there the plaintiff received calls regarding a debt owed by his adult daughter.  However, the complaint alleged five distinct violations of the FDCPA including sections relating to the attempt to collect a debt that the plaintiff does not owe.  Because the plaintiff admitted that he knew the calls sought to reach his daughter and did not pertain to his own debt, those sections were not violated.  It was in this context that the court noted that the debt was not his own.  Plaintiff further alleged that the calls violated section 1692d(5) by "causing a phone to ring repeatedly and continuously with the intent to annoy, abuse, and harass." *Id*. at 1305.  The court disagreed, distinguishing a case where the collection agency made over 200 calls despite the fact that the debtor had started making monthly payments toward her debt and made many calls after the debtor asked the collector to stop.  Under these circumstances, where CBE did not make

Reply re: Kaiser's Motion to Dismiss the FAC
or Alternatively to Order a More Definite Stmt.
Case no. 1:14-cv-01466–GEB-BAM          5

repeated calls after being asked to stop, never even spoke to plaintiff, only left six messages, did not make more than seven calls in one day, and did not call back the same day after leaving a message, the court concluded that the purpose of the calls was to reach the debtor rather than to harass the plaintiff.  *Id*.  Moreover, Sandoval fails to allege specifics regarding the calls such that it can be determined whether or not the alleged debt is his own or a family member's.  His situation might be identical to *Tucker*.  His statement in his opposition brief that he is not claiming he was wrongfully contacted is not part of his complaint.

Sandoval further argues that the statutes do not require a conversation.  But subdivision (e) of section 1788.11, Civ. Code, the provision Sandoval accuses Kaiser of violating, uses the term "communicating."  Thus, the court in *Krapf v. Nationwide Credit, Inc*., 2010 U.S. Dist. Lexis 57849 at * 12 (C.D.Cal. 2010) concluded that the provision requires actual contact between the debtor and the debt collector.  Because the debtor only had two conversations with Nationwide, the court found that this was not sufficiently frequent to constitute a violation of subdivision (e).  With respect to subdivision (d), which prohibits "[c]ausing a telephone to ring...repeatedly...with intent to...harass," the court declined to grant summary judgment because it could not say as a matter of law that calling 6 times per day sometimes only minutes apart and with over 180 calls in one month did not constitute intent to harass.  Sandoval has not alleged a violation of subdivision (d), but even if he did, he has not alleged facts sufficient to demonstrate harassment.

Thus, Sandoval's skeletal allegations do matter.  While he argues that the five calls mentioned constitute only a sample of the calls he received, he offers nothing more.  His allegations that he was "numerously" contacted or "routinely" called are simply conclusory allegations that must be disregarded.  He does not allege multiple or excessive numbers of calls in one day, allege that the pattern of calls was unreasonable, or even provide rough numbers. Ironically, he says in his opposition that "the amount of calls placed to Plaintiff was unreasonable, *under the circumstances*," (Doc. 18 at 11:21-22 [emphasis in original]), but he does not allege any circumstances.  Moreover, he fails to allege that he ever spoke to the caller. Without actual contact, he cannot allege a section 1788.11(e) violation.

Rather, Sandoval cites the elements of the statute and makes the conclusory allegations

Reply re: Kaiser's Motion to Dismiss the FAC
or Alternatively to Order a More Definite Stmt.
Case no. 1:14-cv-01466–GEB-BAM             6

that Kaiser "engaged in conduct, the natural consequences of which resulted in harassment..." and that Kaiser called him "with such frequency as to be unreasonable and to constitute harassment..." (Doc. 18 at 11:14-18.)  This is insufficient to state a claim under the Rosenthal Act.

D.      Conclusion

Sandoval continues to rely on inadequate conclusory allegations for the TCPA counts, and fails to allege wrongful conduct under the Rosenthal Act or its federal counterpart. This is insufficient under federal pleading requirements. The Court should dismiss the first amended complaint for failure to state a claim upon which relief may be granted, or order Sandoval's more definite statement of his charges to give Kaiser proper notice of his claims.

Respectfully submitted,

Dated:  January 26, 2015                    MARION'S INN LLP

By: /s/ *Yvonne M. Pierrou*

Yvonne M. Pierrou

Attorneys for defendant
Kaiser Foundation Health Plan, Inc.

Reply re: Kaiser's Motion to Dismiss the FAC
or Alternatively to Order a More Definite Stmt.
Case no. 1:14-cv-01466–GEB-BAM            7