UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICASIO SANDOVAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>　　　　　Defendant. | No. 1:14-CV-1466-GEB-BAM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; AND DENYING MOTION FOR MORE DEFINITE STATEMENT** |

　　　　Defendant moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiff's First Amended Complaint ("FAC") or in the alternative, under Rule 12(e) for a more definite statement.

　　　　Plaintiff's FAC is comprised of claims alleged under the Telephone Consumer Protection Act ("TCPA") and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). The FAC contains the following allegations. "In or around April of 201[4,] Defendant began . . . contacting [him]... regarding an alleged outstanding debt." (FAC ¶ 9, ECF No. 18.) He was contacted "on at least . . . April 11, 2014, May 5, 2014, May 22, 2014, May 25, 2014, and June 8, 2014" without his prior express

1

1  consent; the calls were made using an "automatic dialing system,"
2  were not made for an emergency purpose, and "Plaintiff incur[red]
3  a charge for [the] . . . calls." (FAC ¶¶ 11, 12-15.)
4        Defendant seeks dismissal of Plaintiff's TCPA claim in
5  the FAC, arguing it contains "bare legal conclusions," making "it
6  virtually impossible. . . to investigate" the claim. (Def.'s Mem.
7  ISO Mot. Dismiss FAC ("Mot.") 2:28-3:1, 2:19; 3:7, ECF No. 15-1.)
8        The TCPA prescribes it is "unlawful [inter alia] for
9  any person. . . to make any call (other than a call made for
10 emergency purposes or made with the prior express consent of the
11 called party) using any automatic telephone dialing system . . .
12 to any telephone number assigned to . . . any service for which
13 the called party is charged for the call." 47 U.S.C. §
14 227(b)(1)(A)(iii).
15        Defendant has not shown Plaintiff's TCPA claim is
16 implausible under the applicable dismissal standard. Nor has
17 Defendant shown Plaintiff should be required to give a more
18 definite statement of this claim.  Therefore, this portion of the
19 motion is denied.
20        Defendant seeks dismissal of Plaintiff's Rosenthal Act
21 claims, arguing Plaintiff's allegations do not provide enough
22 information about the content of the alleged calls to plausibly
23 state a Rosenthal Act claim. (Mot. 4:17-18; 4:4-5.) Plaintiff's
24 Rosenthal Act claims alleges Defendant violated two separate
25 statutes, one of which is a federal statute that the Rosenthal
26 Act incorporates as a violation of California law: 15 U.S.C. §
27 1692(d) and Cal. Civ. Code § 1788.11(e). (FAC ¶ 27).
28        15 U.S.C. § 1692(d) prohibits a debt collector from,

1 inter alia, "engag[ing] in any conduct the natural consequence of
2 which is to harass, oppress, or abuse any person." Since "[t]here
3 are no facts alleged as to the content of the calls," Plaintiff
4 fails to allege a plausible claim under this statute. Lopez v.
5 Prof'l Collection Consultants, No. CV-11-3214 PDG (PLAx), 2011 WL
6 4964886, at *2 (C.D. Cal. Oct. 19, 2011.) Therefore, this claim
7 is dismissed.

8     Further, section 1788.11(e) states in relevant part:
9 "No debt collector shall . . . attempt to collect a consumer debt
10 by . . . communicating . . . with the debtor with such frequency
11 as to . . . to constitute an harassment . . . under the
12 circumstances." Plaintiff's allegations are insufficient to state
13 a plausible claim under this statute. Therefore, this claim is
14 dismissed.

15     For the stated reasons, Defendant's motion to dismiss
16 Plaintiff's FAC is GRANTED IN PART and DENIED IN PART, and its
17 motion for a more definite statement is DENIED. Plaintiff is
18 granted ten (10) days from the date on which this order is filed
19 to file a Second Amended Complaint addressing the deficiencies in
20 any claim dismissed.
21 Dated: February 6, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge

3